IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIDWEST FIRST FINANCIAL LIMITED PARTNERSHIP IV, a Nebraska Limited Partnership, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 8:08CV250 |
| 1-800-EAST-WEST MORTGAGE COMPANY, a Massachusetts Corporation, | ) ) ) ) | ORDER |
| Defendant. | ) | |

This matter is before the court on the defendant's "Motion for Telephonic Deposition" (Doc. 32) and the plaintiff's response thereto (Doc. 36). The matter has been fully briefed.

This case arises out of a Loan Sale Agreement which provides, in part, that "[a]ny action or proceeding of any kind brought upon or with respect to this Agreement shall be brought upon in the appropriate state or federal court located in the State of Nebraska." On May 19, 2009, plaintiff served the defendant with a notice of Rule 30(b)(6) deposition and request for production of documents. The notice provided that the deposition would be taken at the offices of plaintiff's counsel in Omaha, Nebraska on July 1, 2009.

The defendant complains that traveling to Omaha would be too expensive, in light of its fairly recent travel to Omaha to attend a settlement conference before Magistrate Judge Thalken.[1] Citing Fed. R. Civ. P. 45(c)(3)(A)(ii)[2], the defendant requests an order that this

---

[1] The defendant alleges in paragraph 11 of the motion that the plaintiff "failed to participate in the Settlement Conference in good faith." In this district, to avoid ex parte contacts, the judges do not conduct settlement conferences in cases where they will conduct the trial itself. That is why the parties were specifically forbidden to use the settlement conference statements or communications of any kind occurring during the settlement conference with regard to *any* aspect of the litigation or trial of the case. Counsel are advised that Judge Thalken has not discussed any aspect of the settlement conference with the undersigned. The defendant's accusing the plaintiff of negotiating in bad faith is neither appropriate nor helpful in determining how and where the defendant's Rule 30(b)(6) deposition should be taken.

[2] Pursuant to Fed. R. Civ. P. 30(b)(6), the defendant is required to designate a representative to testify on its behalf. The court agrees with plaintiff that the deponent noticed was the defendant itself, not a non-

deposition be conducted telephonically or, in the alternative, that the plaintiff bear the defendant's travel expenses, or that the deposition be taken in Boston, Massachusetts.

The court has carefully considered the parties' written submissions and elects to apply the general rule, as stated in *Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492 (E.D. Pa. 2003). In that case, the court held that the corporate defendant was entitled to a protective order directing that depositions of its representatives take place in California, where they were located, rather than in Pennsylvania.

> Pursuant to Federal Rule of Civil Procedure 30(a)(1), "[a] party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court .... The attendance of witnesses may be compelled by subpoena as provided in Rule 45."  Fed. R. Civ. P. 30(a)(1). Generally, a corporation may be examined through the deposition testimony of its officers, directors, or managing agents.... However, those individuals without the authority to speak for the corporation are not proper party deponents absent a subpoena.... Thus, a party seeking to depose corporate employees must demonstrate that the intended deponents have the authority to speak for the corporation or must obtain a subpoena....
>
> Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location.... "The court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." .... Furthermore, the deposition of a corporate officer or employee should usually take place at the corporation's principal place of business or, as other courts have held, at his place of business or employment....

215 F.R.D. at 493-94 (citations omitted). *See also James Brooks Co., Inc. v. Certain Underwriters at Lloyd's London*, 2006 WL 2168195, No. 05-0849 (E.D. Cal., July 31, 2006).

**IT IS ORDERED** that plaintiff's "Motion for Telephonic Deposition" (Doc. 32) and defendant's objection thereto (Doc. 36) are resolved, as follows:

1. The court will not compel the plaintiff to conduct the deposition of defendant's Rule 30(b)(6) designee by telephone, although the plaintiff remains free to do so.

---

party witness, and Rule 45(c)(3)(A)(ii) is inapplicable in this situation.

2. The court will not compel the defendant to travel to Omaha, Nebraska for deposition pursuant to Fed. R. Civ. P. 30(b)(6), although the defendant remains free to do so.

3. The defendant's Rule 30(b)(6) deposition may be taken in Boston, Massachusetts in the law offices proposed by the defendant. If this option is chosen, the defendant shall bear all costs and fees associated with procuring access to its chosen location. Each party shall bear its own travel related expenses.

**DATED June 15, 2009.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**