IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MIDWEST FIRST FINANCIAL LIMITED PARTNERSHIP IV, a Nebraska Limited Partnership,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**1-800-EAST-WEST MORTGAGE COMPANY, a Massachusetts Corporation,** )<br>)<br>)<br>**Defendant.** )<br>) | **8:08CV250**<br><br>**ORDER** |

    This matter is before the court on the plaintiff's motion to compel the production of documents responsive to plaintiff's second request for production of documents. The plaintiff has complied with NECivR 7.0.1(i).

    The documents in question are a "Report of Examination on Compliance & Community Affairs" issued by the Massachusetts Division of Banks on or about June 6, 2005 and other documents related to the report or otherwise involving the Massachusetts Division of Banks. The defendant ("East-West") objected to producing a complete copy of the June 6, 2005 report and other items involving the Massachusetts Division of Banks because the report contains "confidential information that East-West is not at liberty to produce pursuant to M.G.L. c. 167, § 2(b)(1)."

    In addition to the assertion of privilege, East-West argues that the motion should be denied because the plaintiff did not file a brief in conjunction with its motion and evidence index. The court finds that the plaintiff's position is adequately set out in the text of the motion itself, which explains the relevance of the materials to this litigation, and will excuse strict compliance with NECivR 7.0.1(a)(1) in this instance.

    Plaintiff wishes to review the 2005 report because

> At the heart of this case is the issue of whether the Defendant had knowledge of the fact that it was incorrectly charging an illegal interest rate on a certain mortgage at the time it sold such mortgage to the Plaintiff. The documents specifically requested by the Plaintiff ... are critical to this issue as they may establish when the Defendant obtained knowledge that it was incorrectly charging the wrong interest rate on the mortgage subject to this action.

Doc. 43, ¶ 3.

The court has reviewed the statute, which requires the Massachusetts bank commissioner to regularly "make a thorough examination of the books, securities, cash, assets and liabilities and ascertain the condition of all banks" under the commissioner's supervision, "including out-of-state branches, the ability of each bank to fulfill its obligations and whether it has complied with all applicable laws." Mass. Gen. Laws Ann. ch. 167, § 2(a)(1) (West 2009). Regarding the privilege now asserted by the defendant, the statute provides:

> (b)(1) The commissioner shall preserve a full record of an examination of a bank, including a statement of its condition. **All records of investigations and reports of examinations by the commissioner, including workpapers, information derived from the reports or responses to the reports and any copies of the records in the possession of a bank under the supervision of the commissioner, shall be confidential and privileged communications, shall not be subject to subpoena and shall not be a public record under clause Twenty-sixth of section 7 of chapter 4.**[1] For the purposes of this paragraph, records of investigations and reports of examinations shall include records of investigation and reports of examinations conducted by a financial regulatory agency of the federal government or of a state or a foreign government which are considered confidential by the agency or foreign government and which are in possession of the commissioner. **In a proceeding before a court, the court may issue a protective order to seal the record protecting the confidentiality of these records, other than a record on file with the court or filed in connection with the court proceeding, and the court may exclude the public from any portion of the proceeding at which the record may be disclosed.**
>
> (2) Copies of reports of these examinations shall be furnished to the bank for its use only and shall not be exhibited to any other person, organization or agency without the prior written approval of the commissioner. ...

Mass. Gen. Laws Ann. ch. 167, § 2(b)(1) &(2) (emphasis added). The court has been unable to locate any federal or state court decisions interpreting this statute, but notes that the statute does contemplate the use of the reports in court proceedings, subject to a protective order.

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." East-West does not appear to contest the relevance of the documents, raising only the issue of privilege under the Massachusetts statute. Although East-West appears reluctant to produce the entire report and other documents, there is no record that East-West served a privilege log at the time it served its objections[2], and the

---

[1]M.G.L.A. 4 § 7, cl. 26 provides a lengthy definition of the term "Public records."

[2]The Initial Progression Order (Doc. 14) provides:
   **5. Withholding Documents from Disclosure or Discovery.** If any document is withheld from

court has not been given a description of the documents in question. *See* Fed. R. Civ. P. 26(b)(5). The parties have already entered into a confidentiality agreement for the production of these records.

The court finds that the Motion to Compel should be granted. East-West shall produce documents responsive to plaintiff's Requests Nos. 1 through 4 of the plaintiff's Second Request for Production of Documents, subject to the Confidentiality Agreement and Stipulated Protective Order (Doc. 50) approved by the court on September 22, 2009 (Text Order 53).

**DATED November 10, 2009.**

                            **BY THE COURT:**

                            **s/ F.A. Gossett**
                            **United States Magistrate Judge**

---

production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.